**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Anthony Avery<br><br>　　　　　Plaintiff,<br>vs.<br><br>MG Logistics, Inc.<br><br>　　　　　Defendant, | Civil Action No.:  0:23-222-JFA<br><br>**PLAINTIFF'S MOTIONS IN LIMINE** |

Plaintiff, Anthony Avery, relies on all motions in limine previously filed and ruled upon by this Court.  Additionally, Plaintiff by and through his counsel, respectfully move this Court in limine to prohibit Defendant, Defendant's counsel, and Defendant's witnesses from offering into evidence, referring to, or otherwise disclosing to the jury, either directly or indirectly, any facts indicating the following:

1.  Defendant has filed for bankruptcy.

### Legal Standard

A motion in limine is a pre-trial motion that allows the Court to rule in advance of trial on the relevance and admissibility of certain evidence that is expected to be presented, which prevents delays that would otherwise be caused by interruptions during the trial to hear argument on the raised issues.  *In re Levesque* 653 B.R. 127, 137 (Bankr. D.S.C. 2023).  Additionally, a motion in limine focuses the issues the jury will consider.  *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014).  A motion in limine seeks a pretrial evidentiary ruling to prevent potentially prejudicial matter from being presented to the jury. *State v. Smith*, 337 S.C. 27, 522 S.E.2d 598 (1999).

A pretrial ruling on the admissibility of evidence is preliminary and is subject to change based on developments at trial. *Id*. A ruling "in limine" is not final; unless an objection is made at the time the evidence is offered at trial and a final ruling is procured, the issue is not preserved for review. *Id*. A federal district court is allowed to exercise "wide discretion" when ruling on a motion in limine. *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1984). Under Fed. R. Evid. the Court may exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Evidence is relevant under Fed. R. Evid. 401, if said evidence has any tendency to make a fact more or less likely than it would be without the evidence, and the fact is of consequence in determining the matter. Fed. R. Evid. 401.

## Motions in Limine

1. **Preclude Defendants from mentioning or referencing the fact that they have filed for bankruptcy.**

The Defendants bankruptcy filing should be precluded from the initial phase of the trial under Fed. R. Evid. 401, as the bankruptcy filing does not make any fact of consequence probable.

Furthermore, the bankruptcy filing could lead the jury to reduce their award of damages due to their belief that the Defendant is already in financial distress and would be unable to pay the full amount of Plaintiff's damages.  Thus, any reference to their bankruptcy should also be prohibited under Rule 403.

By:     s/*Andrew W. Creech*
Andrew W. Creech, Fed ID 11008
Harold C. Staley, Jr. , Fed ID 9780
Elrod Pope Law Firm
212 E Black Street
Rock Hill, S.C. 29730

P: (803) 324-7574
F: (803) 324-7545
hstaley@elrodpope.com
acreech@elrodpope.com
ATTORNEYS FOR PLAINTIFFS

April 20, 2026
Rock Hill, South Carolina