IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Avery,<br><br>               Plaintiff,<br><br>v.<br><br>MG Logistics, Inc.,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 0:23-0222-JFA<br><br>INSTRUCTIONS |

23-0222 F 5/7/26

1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW THE LAW

You have heard all the evidence and it is now my duty to instruct you on the law that applies to this case. After I finish reading these instructions, you will hear the arguments of counsel. Then you will go to the jury room and begin your discussions—what we call deliberations. I am going to read these instructions to you here in open court. Please listen carefully. It is also my personal policy to give you these instructions in their written form in the jury room to refer to during the course of your deliberations. You will also have with you all of the exhibits that were received into evidence.

These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, that is, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You are bound to accept the rules of law as I give them to you whether you agree with them or not. You must not be influenced by mere sentiment, conjecture, sympathy, passion, prejudice or public opinion. Both the plaintiff and the defendant have a right to expect that you will conscientiously consider and weigh the evidence, apply the law, and reach a just verdict. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely for you to decide.

## BURDEN OF PROOF

At the beginning of the case, I told you that the plaintiff has the burden of proving the case by a preponderance of the evidence. That means that the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and defendant's evidence on opposite sides of an imaginary set of scales, the plaintiff would have to make the scales tip slightly in his/her favor. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, that is, it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)    the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses;

(2)    the exhibits which have been received into evidence.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list these things for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, then your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe that a question is improper under the rules of evidence. You should not be influenced by any of the objections or by my ruling on any of them.

(3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide this case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence the law recognizes: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any of the evidence in this case.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of the credibility, or believability, of each witness. You must decide for yourselves whether to believe the testimony of any witness. You may believe all or any part or nothing of what a witness said while on the stand. In determining whether to believe any witness, you should apply the same tests of truthfulness which you apply in your own everyday affairs. In doing this, you may take into account a number of factors including the following:

(1)     Was the witness able to see, or hear, or know the things about which that witness testified?

(2)     How well was the witness able to recall and describe those things?

(3)     What was the witness's manner while testifying?

(4)     Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

(5)     How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6)     Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction by a witness is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other.

All of these are matters for you to consider in finding the facts.

8

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been presented to illustrate facts brought out in the testimony of some witnesses. Charts and summaries are only as good as the underlying evidence that supports them. You should therefore give them only such weight as you think the underlying evidence deserves.

## USE OF DEPOSITIONS — VIDEO

During the trial of this case, certain testimony has been shown to you by way of video recording. The deposition or video testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented in writing under oath in the form of a deposition or in a video. Such testimony is entitled to the same consideration and, insofar as possible, is to be judged as to credibility and weighed by you in the same manner as if the witness had been present.

## OPINION EVIDENCE, EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

Expert opinion testimony should be judged just as any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## LIABILITY OF CORPORATIONS

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers. The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, if but only if those acts are authorized. An act is authorized if it is a part of the ordinary course of employment of the person doing it. Whether a particular act was authorized is a question you must decide on the evidence.

The fact that a plaintiff or defendant is a corporation should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

## TRANSITION TO LIABILITY

In this case, the plaintiff, Anthony Avery, alleges that he was injured on March 27, 2021 when he was working as a shipping clerk for his employer, New Indy Containerboard. On the day of his injury, Mr. Avery was loading a roll of paper onto a commercial trailer using a forklift-like device known as a "grab truck."

On the day in question, Mr. Avery was loading paper onto a commercial trailer that was leased by and under the control of MG Logistics, Inc., who is the defendant being sued in this case.

As Mr. Avery was loading a roll of paper, the attachments to the front portion of the trailer (known as the "landing gear") gave way and the trailer rolled on its side, with Mr. Avery and the grab truck inside. Mr. Avery contends that the event caused serious and permanent injury to his lower back, and left him disabled from future work.

At issue in this case is the condition of the landing gear at the front of the trailer. The plaintiff contends that the condition of the landing gear was unsafe and that if the landing gear had been properly repaired, maintained, or inspected by MG Logistics or one of its agents, the trailer would not have rolled over.

So, the gist of Mr. Avery's claim against MG Logistics is that MG breached its duty of care to Mr. Avery by failing to maintain its trailer in a safe operating condition, free from defects. Stated differently, Mr. Avery alleges that MG Logistics was negligent in maintaining its trailer.

## NEGLIGENCE: ALLEGATIONS

As I just mentioned, the plaintiff's claim in this case is based upon the alleged negligence and/or recklessness of the defendant. In order to recover under this claim, the plaintiff must establish three essential elements by a preponderance of the evidence:

(1)    That the defendant maintained its trailer in a negligent or reckless manner;

(2)    That this negligence or recklessness was a proximate cause of the accident; and

(3)    That the plaintiff was injured as a direct and proximate result thereof.

## NEGLIGENCE: DEFINITION

Negligence is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances. Or, stated differently, it is the failure to exercise reasonable care under all of the surrounding circumstances. You must decide whether the defendant, MG Logistics, failed to act as a reasonably prudent motor carrier would act in repairing, inspecting, and maintaining its trailer.

## NEGLIGENCE:  RECKLESSNESS DEFINITION

Recklessness is an extension of the concept of negligence and means the knowing failure to exercise reasonable care under all of the surrounding circumstances.  The test for determining whether an act or a failure to act is reckless is whether it has been committed in such a manner and under such circumstances that a person or motor carrier of ordinary reason or prudence would have been conscious that such act or failure to act would invade the rights of the person or persons injured.  Said differently, recklessness is used to describe a conscious failure to exercise and observe reasonable due care.

## NEGLIGENCE PER SE:   REGULATORY VIOLATION

In our legal system, a duly adopted regulation carries the force of the law.  The violation of an applicable regulation constitutes negligence "per se" or negligence as a matter of law. In other words, the law generally provides that someone who has violated a regulation has not exercised reasonable care with respect to the conduct required by that regulation.  Essentially, then, the violation of a regulation is itself proof that a party acted negligently.

If you determine that the defendant violated an applicable regulation, the plaintiff can recover only if he proves that the defendant's actions were the proximate cause of the injuries of which the plaintiff complains.

Additionally, the violation of a regulation may be considered, along with all the other factors, as evidence of recklessness.

The plaintiff contends that the defendant violated the following four safety regulations [found in the Federal Code of Regulations]:

(1)     Federal Regulation 49 CFR § 396.3(a) requires that every motor carrier systematically inspect, repair, and maintain or cause to be systematically inspected, repaired, and maintained all motor vehicles subject to its control.

(2)     Federal Regulation 49 § 396.11(a)(2) requires commercial drivers to inspect the tractor and trailer's parts and accessories at completion of each day's work and complete a DVIR Report, also called a driver vehicle inspection report, listing any defect or deficiency discovered by the driver which would affect the safety of operation [of the vehicle] or result in its mechanical breakdown.  Specifically, the regulation states:  (a) Equipment provided by motor carrier.  (1) Report Required.  Every motor carrier shall require its drivers to report, and every driver shall prepare a report in writing at the completion of each day's work on each

vehicle operated, except for intermodal equipment tendered by an intermodal equipment provider. The report shall cover at least the following parts and accessories:

(i)     Service brakes, including trailer brake connections;
(ii)    Parking brake;
(iii)   Steering mechanism;
(iv)    Lighting devices and reflectors;
(v)     Tires;
(vi)    Horn;
(vii)   Windshield wipers;
(vii)   Rear vision mirrors:
(ix)    Coupling devices;
(x)     Wheels and rims;
(xi)    Emergency equipment.

(2)     Report content. (i) The report must identify the vehicle and list any defect or deficiency discovered by or reported to the driver which would affect the safety of operation of the vehicle or result in its mechanical breakdown. If a driver operates more than one vehicle during the day, a report must be prepared for each vehicle operated. Drivers are not required to prepare a report if no defect or deficiency is discovered or reported to the driver.

(3)     Federal Regulation 49 § 396.11(a)(3)(i) mandates that prior to requiring or permitting a driver to operate a vehicle, every motor carrier or its agent shall repair any defect or deficiency listed on the driver vehicle inspection report which would be likely to affect the safety of operation of the vehicle.

(4)     Federal Regulation Title 49 § 396.7(a) requires that a motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle.

(5)     Federal Regulation Title 49 § 390.5 defines a commercial vehicle to include a commercial tractor, trailer, or semi-trailer.

23-0222 F 5/7/26

18

## PROXIMATE CAUSE

The second element that must be proved is that the negligence was a proximate cause of the injury or damage. Negligence or recklessness alone does not give rise to liability. A party may be negligent or reckless in one or all of the matters complained of, but there can be no liability unless the negligence or recklessness was a proximate cause of the injury or damage. In other words, the law provides that there can be no liability unless there is some reasonable connection between the negligence and the harm suffered. Proximate cause means legal causation. In other words, the cause of an injury that the law recognizes as direct enough to warrant the imposition of liability on the defendant.

The negligent act is a proximate cause of the injury or damage only if: (1) the injury or damage was the direct result of the alleged negligence or recklessness and without which the injury would not have occurred, and (2) the resulting injury or damage was sufficiently foreseeable and not too remote in nature.

In order to establish liability, it is not necessary that the entity charged with negligence should have contemplated that its action would cause the specific harm or damage that resulted. It is sufficient that it should have foreseen that its negligence could likely cause injury to someone or something, and that the specific harm which resulted was not too remote in nature. However, if the specific harm that resulted from the negligent act is so remote in nature as to be extraordinary or extremely surprising in light of ordinary experience, and of which no reasonable person could have anticipated, then the negligent act was not a proximate cause of the injury or damage.

## NEGLIGENCE — PROXIMATE CAUSE — MORE THAN ONE

This does not mean that the law recognizes only one proximate cause of damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause damage; and in such case, each may be a proximate cause.

In other words, negligence, to render a defendant liable for injury or loss, need not be the sole cause of the injury or loss. It is sufficient that such negligence, concurring with one or more otherwise efficient causes, is the proximate cause of the injury or loss, so that where several causes combine to produce injury or loss, a party is not relieved from liability because it is responsible for only one of them, it being sufficient that its negligence is an efficient cause, without which the injury or loss would not have occurred or could have been avoided.

## GENERAL DENIAL

The defendant has offered what is known as the defense of general denial. By this, the defendant simply says that it denies the material allegations of the complaint. The defendant denies that it breached its duty to the plaintiff, and contends that by having the trailer repaired and subsequently inspected at an appropriate facility, it complied with the regulations and therefore was not negligent. The defendant also disputes the extent of the injuries that the plaintiff contends he sustained as a result of the incident. The general denial places the burden of proof upon the plaintiff to come forward with evidence to prove these material allegations.

## TRANSITION TO DAMAGES

If you should find in accordance with these instructions that the plaintiff has failed to establish the essential elements of his claim by a preponderance of the evidence, then your verdict should be for the defendant.

If, on the other hand, you find that the plaintiff has established the essential elements of his claim by a preponderance of the evidence, your verdict should be for the plaintiff and you should next consider the question of damages.

## DAMAGES:  TWO TYPES (ACTUAL and PUNITIVE)

There are two types of damages to which a plaintiff may be entitled in an action of this sort: (1) actual, and (2) punitive.  Actual damages are intended to compensate a person for that which they have suffered or lost as a result of another's wrong.  Punitive damages are intended to punish the wrongdoer for some extraordinary misconduct and to serve as a warning to a defendant and to others not to engage in such conduct.

## ACTUAL DAMAGES:  ELEMENTS

Damages are intended to compensate a party for that which he has suffered or lost as a result of another's wrongful act or omission.  If you should find that the plaintiff is entitled to a verdict, then, in arriving at the amount of your award you should consider such:

(1)  Pain;

(2)  Suffering;

(3)  Physical injury;

(4)  Loss of the ability to enjoy life;

(5)  Lost wages;

(6)  Medical and hospital expenses;

(7)  Permanent impairment or disability; and

(8)  Mental anguish.

as you might find the plaintiff has already suffered, or is reasonably certain to suffer in the future, as a direct and proximate result of the defendant's negligence.  In assessing future damages, you should consider such damage or injury as the plaintiff is reasonably certain to suffer in the future, as well as the nature and extent of the plaintiff's injuries and whether or not they are reasonably certain to be permanent.

## ACTUAL DAMAGES: SPECULATIVE

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## ACTUAL DAMAGES ELEMENTS:   DEFINITIONS

As used in these instructions, "pain and suffering" refers to physical discomfort and the emotional response to the sensation of pain caused by the injury itself. "Loss of the ability to enjoy life" means the loss of the ability to participate in and derive pleasure from the normal activities of daily life, or the loss of the ability to pursue talents, recreational interests, hobbies or avocations. "Mental anguish" means shock, fright, emotional upset and/or humiliation.

"Permanent Impairment" is the loss or impairment of physical bodily functions also known sometimes as physical disability.

## ACTUAL DAMAGES:   DEGREE OF PROOF

The plaintiff need not prove the amount of his damages to a mathematical certainty. The fact that the exact amount of damages may be difficult to ascertain, or that they cannot be measured by a monetary standard, is no reason for denying an award of damages.

## ACTUAL DAMAGES:   REASONABLENESS

Although damages need not be established to a mathematical certainty, they must be reasonable. You are not to award speculative damages or damages for any injury or condition from which the plaintiff may have suffered or may now be suffering unless it has been established by a preponderance of the evidence that such injury was proximately caused by the defendant's conduct. Accordingly, if you should find that the plaintiff is entitled to a verdict, you may award him only such an amount of actual damages as will reasonably compensate him for such injuries and/or losses as he has sustained or is reasonably certain to sustain in the future as a direct and proximate result of the defendant's wrong.

23-0222 F 5/7/26

28

ACTUAL DAMAGES:  MORTALITY TABLE

Damages for future pain and suffering, mental anguish, medical and hospital expenses, loss of earnings and physical disability may only be awarded if the plaintiff is reasonably certain to suffer them in the future.  If you should find that the plaintiff is reasonably certain to suffer injury or loss in the future as a result of the wrong(s) alleged, then you may wish to consider § 19-1-150 of the Code of Laws of the State of South Carolina.  This section provides a table of averaged life expectancies in South Carolina known as the mortality table.  The statute specifically states that this table may be considered by juries as evidence of the life expectancies of persons, when that is an issue in the case, along with other evidence such as evidence as to the person's health, constitution and habits.

In this case, the evidence established that Mr. Avery is currently 58 years of age. According to the Table of Mortality, the life expectancy of a male person age 58 years is 22.27 additional years.  This figure is not conclusive.  It is an average life expectancy of persons who have reached that age.  This figure may be considered by you in connection with other evidence relating to the probable life expectancy of Mr. Avery, including evidence of his occupation, health, habits and other activities, bearing in mind that many persons live longer and others may die sooner than the average.

## ACTUAL DAMAGES:  FUTURE LOSSES, PRESENT CASH VALUE

Damages for future medical and hospital expenses and loss of future earnings must be reduced to their present cash value and adequate allowance must be made for the earning power of money.

In other words, any award for future pecuniary loss must be only for its present cash value.  Present cash value is the present sum of money which, together with the investment return thereon when invested so as to yield the highest rate of return consistent with reasonable security, will pay the equivalent of lost future benefits, at the times, in the amounts, and for the period that you find such future benefits would have been received.  This means you should award an amount of money which after investment, will yield the sum of money you feel is an appropriate damage award.  The present cash value will, of course, be less than the total amount you find to be future benefits.

## ACTUAL DAMAGES:  COLLATERAL SOURCE RULE

In assessing the amount of these damages, you should not consider any reimbursement or compensation derived from other sources, since a wrongdoer may not be relieved from liability for its wrong.

Stated differently, any reference to medical insurance, workers compensation coverage, or disability payments are irrelevant to your deliberations and should not be considered in assessing damages in this matter.

## ACTUAL DAMAGES:   PRE-EXISTING CONDITION

An injured person is entitled to recover all damages proximately caused by another's negligence. A defendant is responsible for all injuries and damages that are proximately caused by their negligence even if the plaintiff was more vulnerable to injury than the average person. The defendant takes the plaintiff as they find them.  This means if the defendant's negligence aggravated or worsened a pre-existing condition, then the defendant is liable for the aggravation or worsening of that condition.

However, when an individual's injuries are aggravated or activated by a pre-existing physical or mental condition, the negligent party is liable only to the extent that the defendant's wrongful act proximately and naturally aggravated or activated the injured person's condition. Consequently, while a negligent party is not liable for damages attributable *solely* to the original condition, it is liable for any aggravation of the pre-existing condition which is proximately caused by its actions.

PUNITIVE DAMAGES:   AMOUNT TRIED SEPARATELY

In addition to actual damages, the law permits the jury, under certain circumstances, to award punitive damages to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others, and to the defendant, not to engage in such conduct. These damages are awarded for the benefit of society, not as compensatory or actual damages, but in addition to such damages.

In South Carolina, punitive damages are awarded to punish, deter, and vindicate the rights of the plaintiff whenever the conduct of the defendant is willful, wanton, or reckless. The plaintiff must prove reckless, willful, or wanton conduct on the part of the defendant by clear and convincing evidence.   This is a more difficult standard of proof than the preponderance of the evidence standard I discussed with you earlier.  Clear and convincing evidence is that measure or degree of proof which will produce in your mind a firm belief or conviction that the defendant acted in a reckless, willful, or wanton manner.  The test by which an act or omission is to be characterized as willful, wanton, or reckless is whether it was committed in such a manner or under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the plaintiff's rights.  In other words, to recover punitive damages, the plaintiff must prove by clear and convincing evidence that the conduct included a "consciousness of wrongdoing" at the time of the conduct.

In this case, during your deliberations, you will first be required to determine whether the plaintiff should recover actual damages.  Then, and only then, you must decide whether the defendant's conduct was willful, wanton, or reckless.  You should indicate your answer to this question in the appropriate blank on the verdict form you will be given.  If you answer this question "yes", then a computation of the amount of punitive damages will be made later.

Recall that earlier in these instructions, I read to you from several Federal Regulations and I told you that the violation of an applicable statute or law may be negligence per se. In addition, the violation of an applicable statute may be considered, along with other factors, as evidence of recklessness.

A plaintiff may not recover punitive damages unless he first recovers actual damages.

## DAMAGES — CAUTIONARY INSTRUCTION

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of plaintiff on the question of liability, by a preponderance of evidence and in accord with the other instructions.

## DUTY TO DELIBERATE

When you retire to the jury room, you should first elect one from among you to serve as your foreperson. The foreperson you select will preside over the deliberations and speak for the jury here in court.

After electing your foreperson, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

As you have sat here in the courtroom, you may have wondered about the Latin phrase on the wall over my shoulder. It translates "We who labor here seek only truth." As jurors, your only interest is to seek the truth from the evidence in the case.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

## RETURN OF VERDICT

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff outside your door that you are ready to return to the courtroom.

# COMMUNICATING WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You must not tell anyone — including me — how the jury stands numerically during the course of your deliberations. In other words, you must not indicate verbally or on any message/note you may send me, that "X" jurors favor one position, and "X" jurors favor another position. Your numerical divide must always remain in the jury room and may not be disclosed to anyone, including the judge, the courtroom deputy, or the bailiff.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, tablet, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, Instagram, TikTok, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

23-0222 F 5/7/26

38